

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00057-CV

**IN THE MATTER OF THE MARRIAGE OF LYN M. WOLFF AND JASON W. WOLFF**

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-22278
Honorable Rosie Alvarado, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
             Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: September 22, 2021

DISMISSED FOR WANT OF JURISDICTION

Appellant Lyn M. Wolff seeks to appeal the trial court's final divorce decree signed on November 6, 2020. A notice of appeal was due to be filed on December 7, 2020, within thirty days after the judgment was signed. TEX. R. APP. P. 26.1. The deadline for filing a notice of appeal may be extended by the timely filing of a motion for new trial. TEX. R. APP. P. 26.1(a). Appellant filed a motion for new trial on December 10, 2020, more than thirty days after the judgment was signed. *See* TEX. R. CIV. P. 329b(a) (a motion for new trial must be filed within thirty days after the judgment). Because appellant did not file a timely motion for new trial, appellant's notice of appeal was due no later than December 7, 2020. *See* TEX. R. APP. P. 26.1. Appellant's notice of appeal was filed on February 22, 2021. We therefore issued an order

instructing appellant to respond in writing stating why this appeal should not be dismissed for lack of jurisdiction.

Appellant responded by stating that her motion for new trial was timely e-filed on December 4, 2020, but the file size was too large and the filing was rejected. The motion for new trial was resubmitted and successfully e-filed on December 10, 2020. Appellant requests that we deem the motion for new trial as timely filed on December 4, 2020 and similarly deem her notice of appeal as timely filed. In the alternative, appellant requests that we grant an extension of time to file the notice of appeal.

Assuming that appellant's motion for new trial was timely filed on December 4, 2020, her notice of appeal would have been due on February 4, 2021. TEX. R. APP. P. 26.1(a). As noted, appellant's notice of appeal was filed on February 22, 2021. Rule 26.3 authorizes an appellate court to extend the time to file a notice of appeal if the appellant files both the notice of appeal and a motion for extension of time to file the notice of appeal within 15 days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). But, "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.* Here, appellant's notice of appeal was not filed within the fifteen-day grace period. *See id.* Appellant has failed to establish that this court has jurisdiction. Accordingly, we must dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM